**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JONNY MEJIA MARTINEZ,** | **Civil Action No. 26-7415 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **TODD BLANCHE, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Jonny Mejia Martinez, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaaney Hall Detention Facility, New Jersey.  (ECF No. 1).

2.      Petitioner is a citizen of Mexico and was detained by ICE on June 17, 2026.   (*Id.* ¶ 20).

3.      The Petition followed on June 19, 2026.  (ECF No. 1).

4.      Respondents filed an answer on June 23, 2026 arguing that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2) but acknowledging that Petitioner's case is similar to previous cases in which this Court concluded that 8 U.S.C. § 1226 is the proper detention statute. (ECF No. 5 at 1 & n.1); *see also Patel v. Almodovar*, No. 25-cv-15345, 2025 WL 3012323 (D.N.J. Oct. 28, 2025).

5.      Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody"

and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

6.    Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

7.    This Court concludes that Petitioner is being unlawfully detained under 8 U.S.C. § 1225 because Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond.[1]

8.    Petitioner seeks immediate release, (ECF No. 7), but Respondents argue that a bond hearing is more appropriate as Petitioner has a history of traffic offenses and contempt of court charges, (ECF No. 5 at 1-2; *see generally* ECF No. 5-1).

9.    This Court concludes that a bond hearing is the most appropriate form of relief and will direct Respondents to conduct one within seven days unless Petitioner seeks to reschedule it.

10.    An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: June 26, 2026

---

[1] 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action. *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).